# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ELIAS KANE,<br>            Plaintiff,<br>    v.<br>CHINO STATE PRISON,<br>            Defendant. | NO. ED CV 17-2311-RSWL (KS)<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |

## INTRODUCTION

On November 7, 2017, Jeffrey Elias Kane ("Plaintiff") a California state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights Complaint ("Complaint"), alleging that an unnamed employee of Chino State Prison poisoned him. (Dkt. No. 1.) On November 28, 2017, the Court issued an Order dismissing the Complaint and granting Plaintiff leave to file a First Amended Complaint ("FAC") that corrected the deficiencies in his Complaint. (Dkt. No. 7.) The Court ordered Plaintiff to file his First Amended Complaint by no later than December 28, 2017. (*Id.*) Furthermore, the Court warned Plaintiff that his failure to comply and file a First Amended Complaint on or before the December 28, 2017 deadline could result in dismissal. (*See Id.*) On January 16, 2018, the

1

Court issued an Order to Show Cause by February 16, 2018 why the Complaint should not be dismissed for failure to prosecute since Plaintiff had neither "filed a First Amended Complaint, notified the Court of a change of address, nor otherwise communicated with the Court about his case." (Dkt. No. 11 at 1.) More than three weeks have passed since Plaintiff's February 16, 2018 deadline to respond to the Court's Order to Show Cause and Plaintiff has not filed his First Amended Complaint, updated his address with the Court, or communicated with the Court regarding his case. The Court therefore concludes that the Complaint should be dismissed without prejudice for failure to prosecute and comply with court orders, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-1.

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions "if the plaintiff fails to prosecute or to comply with . . . a court order." FED. R. CIV. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-31 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)(citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Plaintiff has effectively declined to participate in the litigation. He has not communicated with the Court since filing his deficient Complaint approximately four months ago, and he ignored this Court's January 16, 2018 Order requiring him to show cause why the Complaint should be allowed to proceed. Plaintiff's failure to file a viable amended complaint, request an

extension of time, or show good cause for his delay, including through supplying the Court with an updated address, hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to Defendant – also counsels in favor of dismissal. The Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). The passage of more than two months in this case since Plaintiff's deadline to file his FAC constitutes an unreasonable delay. While a presumption of prejudice can be rebutted by a non-frivolous explanation, Plaintiff has not provided a non-frivolous explanation and he has not communicated with the Court since he filed the Complaint. *See In re Eisen*, 31 F.3d at 1453. Plaintiff's *pro se* status does not excuse his unreasonable delay, as he is still subject to federal and local rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam), *cert. denied*, 516 U.S. 838 (1995). In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court attempted to avoid outright dismissal by giving Plaintiff the opportunity to amend the Complaint, an opportunity to request an extension of time, and an express warning that Plaintiff's failure to comply with the Court's orders could result in dismissal. Plaintiff did not respond, and he has not communicated with the Court about this case since November 7, 2017. Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every

1 sanction short of dismissal before finally dismissing a case, but must explore possible and
2 meaningful alternatives.") (citation omitted). The Court therefore concludes that sanctions
3 other than dismissal are no longer appropriate.

Only the fifth factor, the general policy favoring resolution of cases on the merits, arguably favors retention of this action on the Court's docket. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). The Court cannot dispose of a case on its merits when the plaintiff fails to move the case forward, does not comply with court orders, and does not explain his silence or delay. Plaintiff has now allowed this matter to languish on the Court's docket for four months without a viable initial pleading despite the Court's repeated instructions and warnings. It therefore appears that the Court's retention of this action would not increase the likelihood that the matter would be resolved on its merits.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

# CONCLUSION

For the foregoing reasons, the above captioned matter is dismissed without prejudice; and Judgment shall be entered accordingly. IT IS SO ORDERED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

As required by FED. R. CIV. P. 58(a)(1), final judgment will be issued separately.

DATED: 3/13/2018        s/ RONALD S.W. LEW
                        HON. RONALD S.W. LEW
                        UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE